CÆSAR KOCH, RESPONDENT, *v.* THE VILLAGE OF EDGE-WATER, APPELLANT.

*Village of Edgewater — the trustees are bound to keep its sidewalks in repair.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for an injury sustained by the plaintiff by falling, while passing along the sidewalk in the defendant village, owing to its defective condition.

The court at General Term said : " The charter of the village is not essentially different from those charters which have been held to cast the duty upon the trustees to keep in repair the sidewalks of the streets in the village. In some charters the trustees have been clothed with the powers of commissioners of highways. In others, in direct terms, the trustees have been empowered to keep in repair the streets and sidewalks. In this charter the village is made one ' separate road district, under the direction and supervision of the trustees of said village, and free from any interference or control by any other officers or persons.' (2 Laws of 1870, 1591, § 1 of title 15 of chap. 674, Laws of 1870.)

The street commissioner, authorized by the charter, is to act under the direction of the trustees. (Title 8, § 1.) ' The board of trustees shall have the sole control and management * * * of the roads, avenues, streets and public places of the village.' (Title 9, § 1.) This grant of power seems to be as ample and exclusive, as is usually given in those cases where the duty of the trustees has been held to be absolute to keep the streets safe and in order. The power is fully as ample as if the act had clothed the trustees with the powers of commissioners of highways. There is no limitation upon the power of the trustees. They have the authority to compel the owners and occupants to flag and curb the sidewalks by ordinance to that effect. It cannot be claimed that the sidewalk is not a part of the street, and on that account excluded from the jurisdiction of the trustees. This is the principal point made by the appellant, that the trustees had no duty in regard to the sidewalk."

*George J. Greenfield*, for the appellant. *S. F. Rawson*, for the respondent.

Opinion by BARNARD, P. J.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment and order denying new trial affirmed, with costs.